## Sergent v. Jones.

(Decided November 20, 1928.)

### Appeal from Harlan Circuit Court.

1.  Evidence.—Under Civil Code of Practice, sec. 606, subsec. 2, defendant in suit on note was not competent witness as to transaction with payee, who had assigned note to plaintiff, where payee was dead at time testimony was given.
2.  Vendor and Purchaser.—In suit on note by assignee thereof, evidence held sufficient to sustain plea of payment to plaintiff's assignor, though lien of record was not released.

BROCK & JONES for appellant.

C. B. SPICER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Reversing.

By deed dated October 1, 1918, Leonard Smith conveyed to G. W. Sergent several lots, located at Evarts, Harlan county. The consideration was $1,430, of which $476.66 was paid in cash, and the balance was represented by two notes, for $476.66 each, one payable 6 months, and the other 12 months from date, and secured by a lien on the property. In the month of Septemper, 1926, the payee, Leonard Smith, transferred and assigned the last note, due on October 1, 1919, to Moss Jones, who brought suit to recover thereon. Sergent pleaded payment. On final hearing the chancellor rejected the plea of payment, and rendered judgment in favor of Jones. Sergent appeals.

Jones testified without objection that he was employed by Smith to wait on him, and that the note was assigned in consideration of his services. His testimony

was corroborated by Mrs. Alice Middleton, Leonard Smith's daughter, who witnessed the indorsement. The lien by which the note was secured was not released of record. On the other hand, Sergent testified that he paid off the note in question, partly in checks and partly in cash. He exhibited two checks, one, dated October 1, 1919, for the sum of $270, and the other, dated January 1, 1920, for the sum of $90. He also exhibited the following receipt:

"Received of G. W. Sergent payment in full with interest at 6% on last three notes. One on Bud Lawson, one on W. B. Kelly, and one on G. W. Sergent. Jan. 1, 1920. Total amt. $404.00. Lenord Smith X his mark. Witnessed Dr. H. T. Thacker, John Manning, Floyd Lewis, G. C. Carmical."

He further stated that the last note mentioned in the receipt was the note sued on. Dr. Thacker, a dentist of Evarts, testified that at one time Mr. Sergent and Mr. Smith came to his office to get him to write a receipt. The receipt was for payment on some notes. He did not know whether there was a $400 note in it or not. The receipt would show. John Manning, Cleve Carmical, and Floyd Lewis were present. He identified the above receipt as the one he prepared, and the one signed by Leonard Smith. On that occasion Sergent paid Smith some checks and some money. The receipt was read over to Smith. The parties told him to write the receipt for $404. They told him that three notes had been paid. Smith told those present that the notes were misplaced, but he would get the notes in a few days. Sergent asked him for a receipt, and Smith said: "All right." G. C. Carmical, a mine foreman at Evarts, testified that he was present when the receipt was executed, and witnessed its execution. He was in Dr. Thacker's office when Smith came in. Smith said the notes were misplaced, but he would get them. The testimony of Floyd Lewis was to the same effect.

It is true that appellant was not a competent witness as to transactions with Leonard Smith, who was dead at the time the testimony was given. Subsection 2, section 606, Civil Code. But, even if we exclude his evidence, it seems to us that the plea of payment was sustained. The fact that the lien of record was not released plays but little part, in view of the fact that the first note, payment

of which is admitted, was not released. The first note became due April 1, 1919, and there is nothing in the record to suggest that it was not paid when it became due. The first check, for $270, was given on October 1, 1919, when the second note became due. The second check, for $90, was given on January 1, 1920, the day the receipt was signed. Those who witnessed the receipt say that some cash was paid at the same time. They also say that Smith claimed to have misplaced the notes, and assigned this as a reason for not producing them when the receipt was signed. The receipt acknowledged payment in full "on last three notes." This shows payment of the last three notes on which appellant was liable, and, when considered in connection with the checks and cash payment on the date of the receipt, coupled with the reasons of the deceased for not producing the notes, and the long delay in proceeding on the notes, is persuasive that the note sued on was embraced in the receipt, and was discharged on the day the receipt was signed. We are therefore of the opinion that appellee was not entitled to recover, and that his petition should have been dismissed.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.